NARCISSAR BEVERLY, ET AL. *v.* FRANCES A. NOEL, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—985.]

**Conveyance of Wife's Land.**

Where a wife joints with her husband in the execution of a deed to her land, is named in the body of the deed as one of the grantors, and the deed purports to be and is a sale by her of her own land, the deed conveys all her interest; and a statement at the end of the deed that she relinquishes her right of dower, which had no existence, will not invalidate the deed.

**Parol Evidence to Explain a Deed.**

Either party to a deed may show by parol evidence that the actual consideration is different from that stated in the deed, and the acknowledgment in a deed of the receipt of the consideration is only prima facie evidence of payment, which may be rebutted.

APPEAL FROM GRANT CIRCUIT COURT.

May 5, 1883.

OPINION BY JUDGE LEWIS:

In 1866 appellees, James Noel and wife, Frances Noel, sold and conveyed to Jesse T. Beverly, deceased, a tract of land belonging to the wife. Afterwards Beverly sold the land to appellant, Hedges, and previous to his death conveyed the whole of the residue of his

estate to his wife, Narcissar Beverly, who is one of the appellants. The original action in this case was by appellees, Noel and wife, against appellant, Hedges, for the recovery of the land. Subsequently, however, an amended pleading was filed, and in it appellees alleged that the deed from them to Beverly did not pass the title of Mrs. Noel, but that they were willing to convey and tendered a deed duly executed, provided the entire purchase-price then due was paid. As appears from the original deed the consideration of the land sold was $500, $400 of which was acknowledged paid, leaving unpaid only $100. In their pleading appellees allege that in fact only $200 was paid and the balance of $300 never was paid; that by the fraud of Jesse T. Beverly, the vendee, it was falsely and improperly stated in the deed that $400 was paid.

In the judgment rendered at the May term, 1880, it was held that the original deed from Noel and wife to Jesse T. Beverly did not pass the title of Mrs. Noel, and that her recovery of the land can not be avoided without reforming the deed so as to make it convey her inheritance, and thereupon required appellants to elect by the next term of the court whether they would accept the terms of the plaintiff in the action to pay said sum of $300 or submit to a recovery of the land. At the next term of the court, appellants refusing to elect previously as required by the court, it was adjudged that appellees have a lien upon the land for the sum of $300, unpaid portion of the purchase-money, with interest from June 30, 1869, until paid, and to satisfy that judgment the land was directed to be sold.

In our opinion by the deed from Noel and wife to Jesse T. Beverly, all the right and title of the wife was conveyed. She joined with her husband in the execution and is named in the body of the deed as one of the grantors. It purports to be and was a sale by her of her own land, and the language, apt terms being used, indicates a clear intention to convey her right of inheritance in the land. The statement at the end of the instrument that she relinquishes her right of dower, which had no existence, did not invalidate the deed nor impair the conveyance already made of her inheritance, which did exist. From the certificate of the clerk it appears that the deed was acknowledged according to law and duly admitted to record. It therefore must be presumed that the officer explained to her the contents and effect of the deed separately and

apart from her husband, and that she freely and voluntarily acknowledged the same.

As, therefore, the deed did not need reforming, in order to pass the title of Mrs. Noel, the court had no power to compel appellants to elect whether they would pay the amount claimed by appellees or surrender the land, and whether they should recover any greater sum than the $100 stated in the deed is an independent question to be determined by the facts and law applicable thereto.

The evidence in the case is conclusive that there never was in fact but $200 paid by Jesse T. Beverly or any one else for the land, and that was paid to the husband. Such being the case the statement in the deed that $400 was paid must necessarily be untrue, and was made by fraud or mistake. There is now no question about the right of either party to a deed to show by parol evidence that the consideration is different from that stated in the deed, and also to show that a different amount, more or less, was actually paid than what is acknowledged in the deed to have been paid. *Cartwright v. Trumbo*, 1 A. K. Marsh. (Ky.) 359; *Gully v. Grubbs,* 1 J. J. Marsh. (Ky.) 387; *Gordon's Heirs v. Gordon,* 1 Metc. (Ky.) 285. This court in the latter case uses this language: "Whatever may have been the conflict of authority elsewhere upon this point, the doctrine, as settled by this court in numerous cases, is, that an acknowledgment in a deed of the receipt of the consideration is only prima facie evidence of payment, which may be rebutted by proof aliunde, and that a recital of a particular consideration does not exclude proof of other and consistent considerations."

One of the errors assigned by appellants is the refusal of the court to permit them to file an amended answer in which they pleaded and relied on the statute of limitations. This action was commenced in May, 1878, and at the May term, 1879, appellees filed their answer tendering a deed to the land and asking a judgment for the balance of the purchase-money alleged to be due, and time was given to appellants until the first of August thereafter in which to file their answer thereto. But they did not file it until the 27th of October, 1879. Afterwards on the 6th of December they tendered another amended answer, pleading the statute of limitations, which the court refused to permit filed. Considering the previous indulgence granted to appellants, and the nature of the defense set up in

the last answer, we can not say the court below abused its discretion in refusing to permit the answer filed.

In our opinion appellees are entitled to the $300 balance of the purchase-price unpaid. But the court erred in adjudging the land now in the possession of appellant, Hedges, who is an innocent purchaser, subjected to the payment of the entire sum. Appellees have a lien upon the land for only $100, the amount stated in the deed to be unpaid.

For that error the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

D. W. Lindsey, for appellants.

J. J. Landrum, for appellees.